**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Y.W., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | **Civil Action No. 23-22631 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Y.W. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, filed June 1, 2021, originally alleging disability beginning June 20, 2017, but later amending the onset date to March 19, 2019. The claim was denied initially on July 22, 2021, and upon reconsideration on October 4, 2021. Plaintiff then filed a written request for a hearing, which was held before ALJ Dina R. Loewy (the "ALJ") on April 26, 2022. The ALJ issued an unfavorable decision on August 18, 2022. Plaintiff sought review of the decision from the

Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the February 18, 2022 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with certain additional exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, or reversed and the case remanded in the alternative, for the following reasons: (1) substantial evidence does not support the ALJ's evaluation of treating sources' opinion evidence in the record, (2) the RFC determination is not supported by substantial evidence because the ALJ failed to fully account for the effect of Plaintiff's migraines, (3) the mental RFC determination is not supported by substantial evidence, and (4) the Commissioner failed to meet his burden at step five of the analysis. Because the Court concludes that the mental RFC determination does not comport with Third Circuit law, and that the ALJ's decision must be vacated on that ground alone, it need not reach Plaintiff's other arguments.

At step four, the ALJ determined that the Plaintiff "is able to understand, remember and perform simple routine and repetitive tasks," after finding moderate limitations in concentration,

persistence, and maintaining pace at step three. (Tr. at 32, 33). Plaintiff argues that this RFC determination is not supported by substantial evidence because it "fails to account for the ALJ's own findings of 'moderate' limitations in 'interacting with others,' and 'concentrating, persisting, or maintaining pace.'" (Plaintiff's Br. at 35-36). Plaintiff argues simply: "The RFC was inconsistent with the ALJ's findings." (Plaintiff's Br. at 35.) Under Third Circuit precedent, Plaintiff is correct.

Under Third Circuit law, "no incantations are required at steps four and five simply because a particular finding has been made at steps two and here." Hess v. Comm'r Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019). Nonetheless, Hess states an important rule that applies in cases like this one, in which the ALJ determines that the claimant has moderate difficulties in concentration, persistence, or pace, and then includes a "simple tasks" limitation in the RFC: if "the ALJ offers a 'valid explanation,' a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'" Id. at 211. In other words, when an ALJ finds a plaintiff faces moderate difficulties in concentration, persistence, or pace, the ALJ is required to provide a "valid explanation" for a "simple tasks" limitation. The ALJ has failed to do so here.

Plaintiff did not raise Hess in the opening brief, but argued that the "simple tasks" limitation was inconsistent with the finding of moderate limitations in concentration, persistence, or pace. In opposition, the Commissioner cited Hess but overlooked the Third Circuit mandate that controls this decision. (Def.'s Opp. Br. at 21-22.) In reply, Plaintiff pointed out that Hess requires a "valid explanation" that the ALJ in this case did not provide. (Pl.'s Reply Br. at 12-13.)

Plaintiff is correct that the ALJ here did not offer a "valid explanation." Unlike the case of Hess, where the ALJ linked her findings to the claimant's ability to perform simple tasks, the ALJ in this case provides no such connection. Instead, this case is more like the case of Moeller v. Kijakazi. In that case, the district court found that "[t]he ALJ failed to provide a valid explanation for his 'simple tasks' limitation because he "did not elaborate on why Ms. Moeller can perform such tasks" following a finding of moderate difficulties in concentration, as required by Hess. Moeller v. Kijakazi, 2021 WL 3207247, at *6 (M.D. Pa. July 29, 2021). Similarly here, the ALJ also did not explain why, despite moderate difficulties in concentration, Plaintiff retains the functional capacity to perform simple tasks. The Third Circuit has stated clearly that the "'valid explanation' rule remains the law in our circuit." Hess, 931 F.3d at 212. Under Hess, because the ALJ offered no explanation to justify the "simple tasks" limitation, the Commissioner's decision at bar does not comport with Third Circuit law and must be vacated and remanded.

For the reasons set forth above, this Court finds that the Commissioner's decision is not supported by substantial evidence, pursuant to Hess, and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 19, 2026